**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this is an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Dana Classic Fragrances Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 20-0441439 |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1159 2nd Avenue, #424**<br>**New York, NY 10065**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **New York**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.danabeauty.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | Dana Classic Fragrances Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

___4561___

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

Debtor    **Dana Classic Fragrances Inc.**                                        Case number (*if known*) _____
_____
Name

List all cases. If more than 1,          Debtor    **See Attached Annex 1**                    Relationship _____
attach a separate list

District _____    When _____    Case number, if known _____

---

**11.  Why is the case filed in    Check all that apply:
      this district?**
                          ☑    Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                               preceding the date of this petition or for a longer part of such 180 days than in any other district.

                          ☐    A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.  Does the debtor own or    ☑ No
      have possession of any
      real property or personal    ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.
      property that needs
      immediate attention?**
                          **Why does the property need immediate attention?** (*Check all that apply.*)

                          ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                             What is the hazard? _____

                          ☐ It needs to be physically secured or protected from the weather.

                          ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                             livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

                          ☐ Other _____

                          **Where is the property?**    _____
                                                        Number, Street, City, State & ZIP Code

                          **Is the property insured?**

                          ☐ No

                          ☐ Yes.    Insurance agency    _____

                                    Contact name    _____

                                    Phone    _____

---

███    **Statistical and administrative information**

**13.  Debtor's estimation of    .    Check one:
      available funds**
                          ☑ Funds will be available for distribution to unsecured creditors.

                          ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14.  Estimated number of    ☐ 1-49                    ☐ 1,000-5,000            ☐ 25,001-50,000
      creditors**           ☐ 50-99                   ☐ 5001-10,000            ☐ 50,001-100,000
                            ☑ 100-199                 ☐ 10,001-25,000          ☐ More than100,000
                            ☐ 200-999

---

**15.  Estimated Assets**    ☐ $0 - $50,000              ☑ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                            ☐ $50,001 - $100,000        ☐ $10,000,001 - $50  million    ☐ $1,000,000,001 - $10 billion
                            ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                            ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million   ☐ More than $50 billion

---

**16.  Estimated liabilities**    ☐ $0 - $50,000           ☐ $1,000,001 - $10 million      ☐ $500,000,001 - $1 billion
                                 ☐ $50,001 - $100,000     ☐ $10,000,001 - $50  million    ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000    ☑ $50,000,001 - $100 million    ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million  ☐ $100,000,001 - $500 million   ☐ More than $50 billion

---

| Debtor | **Dana Classic Fragrances Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **August 11, 2025**
MM / DD / YYYY

X   */s/ Larry Thompson*
Signature of authorized representative of debtor

**Larry Thompson**
Printed name

Title   **Chief Executive Officer**

---

**18. Signature of attorney**

X   */s/ William E. Chipman, Jr.*
Signature of attorney for debtor

Date   **August 11, 2025**
MM / DD / YYYY

**William E. Chipman, Jr.**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **(302) 295-0191**   Email address   **chipman@chipmanbrown.com**

**3818 DE**
Bar number and State

**Fill in this information to identify the case:**

Debtor name    **Dana Classic Fragrances Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

| | **Declaration and signature** |
|---|---|

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■    Other document that requires a declaration    **Consolidated List of Top 20 Largest Creditors; Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **August 11, 2025**            x    */s/ Larry Thompson*
                                            Signature of individual signing on behalf of debtor

                                            **Larry Thompson**
                                            Printed name

                                            **Chief Executive Officer**
                                            Position or relationship to debtor

## SCHEDULE 1 — AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended, substantially contemporaneously with the filing of this petition.

|     | DEBTOR'S NAME | DEBTOR'S EIN | STATE OF INC. |
| --- | --- | --- | --- |
| 1. | IMG Holdings, Inc. | 20-0441398 | Delaware |
| 2. | Dana Classic Fragrances Inc. | 20-0441439 | Delaware |
| 3. | Inter-Marketing Group, Inc. | 65-0606628 | Florida |
| 4. | Dana Fragrance Brands, LLC | 20-0690198 | Delaware |
| 5. | St. Honore Holding, Inc. | 23-3009698 | Delaware |
| 6. | IMG Fragrance Brands, LLC | 20-0290026 | Delaware |

# OMNIBUS WRITTEN CONSENT
## OF
## THE BOARD OF DIRECTORS
## OF
## IMG HOLDINGS, INC.,
## DANA CLASSIC FRAGRANCES INC.,
## INTER-MARKETING GROUP, INC., AND
## ST. HONORE HOLDING, INC.,
## AND
## THE MEMBERS
## OF
## DANA FRAGRANCE BRANDS, LLC, AND
## IMG FRAGRANCE BRANDS, LLC

### August 11, 2025

**WHEREAS**, IMG Holdings, Inc., a Delaware corporation ("**IMG**") is the sole stockholder of (i) Dana Classic Fragrances, Inc., a Delaware corporation ("**Dana Classic**"), and (ii) Intermarketing Group, Inc., a Florida corporation ("**Intermarketing**"), its direct wholly owned subsidiaries;

**WHEREAS**, IMG is the sole Member and Manager of (i) Dana Fragrance Brands, LLC, a Delaware limited liability company ("**Dana Fragrance**"), and (ii) IMG Fragrance Brands, LLC ("**IMG Fragrance**"), its direct wholly owned subsidiaries;

**WHEREAS**, Dana Fragrance is the sole stockholder of St. Honore Holding, Inc., a Delaware corporation ("**St. Honore**", and together with IMG, Dana Classic, Intermarketing, Dana Fragrance, and IMG Fragrance, the "**Companies**" and each, a "**Company**"), its direct wholly owned subsidiary;

**WHEREAS**, the Board of Directors, Member, or Manager of each of the Companies (collectively, the "**Governing Bodies**" and each, a "**Governing Body**") have had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider, and has considered, each of the strategic alternatives available to such Company;

**WHEREAS**, the applicable provisions of the Delaware General Corporate Law; the Delaware Limited Liability Company Act; and the Florida Business Corporation Act; and the Bylaws or Operating Agreement of each Company provide that its Board of Directors, or Member, or Manager, as applicable, may act by written consent in lieu of a meeting;

**WHEREAS**, in accordance with the laws of the State of such Company's jurisdiction of organization and the governing documents of such Company, as amended, restated, supplemented or otherwise modified as of the date hereof, each Governing Body desires to approve and adopt the following resolutions by this written consent (this "**Consent**") as though such resolutions had been adopted at a duly convened meeting and direct that this Consent be filed in the records of each of the Companies, as applicable;

I.      CHAPTER 11 FILING

WHEREAS, the Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it and the effect of the foregoing on such Company's business, creditors, stakeholders and other parties in interest;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to such Company;

WHEREAS, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following resolutions;

WHEREAS, the Governing Body of each Company has been presented with a proposed voluntary petition (the "**Chapter 11 Petition**") to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") seeking relief under the provisions of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies as of the date hereof (collectively, the "**Chapter 11 Filings**") to be filed by such Company before the Bankruptcy Court in connection with the commencement of such Company's Chapter 11 case (the "**Bankruptcy Case**"); and

WHEREAS, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by such Company seeking relief under the provisions of Chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby; and be it further

RESOLVED, that any officer of each Company, or its manager, as applicable (each an "**Authorized Person**"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute and verify the Chapter 11 Petition and

the Chapter 11 Filings in the name of such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of such Company shall determine.

## II.      DIP FINANCING

**WHEREAS**, the Governing Body of each Company has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of such Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide such Company with post-petition debtor-in-possession financing, including, but not limited to, a multi-draw priming debtor-in-possession term loan credit facility in the amount of Five Hundred Thousand and 00/100 Dollars ($500,000.00) (collectively "**DIP Financing**"), subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning any of the DIP Financing (the "**DIP Financing Orders**");

**WHEREAS**, the Governing Body of each Company has been presented with and has reviewed the terms and provisions of a definitive senior secured super-priority debtor-in-possession credit term sheet (the "**DIP Term Sheet**") by and among such Company, as debtors-in-possession, and Fragrance Xtreme Inc. (the "**DIP Lender**") pursuant to which the DIP Lender has agreed to provide the Company with DIP Financing, which provides for the borrowing and reborrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**WHEREAS**, in connection with the DIP Term Sheet, the DIP Lender requires that each Company grant security interests in substantially all of its assets that now or hereafter come into the possession, custody or control of the Company, in order to secure the prompt and complete payment, observance, and performance of all obligations under the DIP Term Sheet, subject to exceptions and limitations to be set forth in DIP Financing Orders and related documents contemplated thereunder (collectively, the "**DIP Documents**");

**WHEREAS**, in connection with the DIP Financing, Patriarch Partners Agency Services, LLC, as administrative agent ("**Prepetition Agent**" or "**Patriarch**") and certain lenders that are signatories thereto (the "**Prepetition Secured Parties**") have authorized the Company to use cash collateral of the Prepetition Secured Parties subject to the granting of adequate protection by the Company in favor of the Prepetition Secured Parties in accordance with interim and final cash collateral orders of the Bankruptcy Court (the "**Cash Collateral Orders**"); and

**WHEREAS**, the Governing Body of each Company has determined that it is in the best interests of such Company, its creditors, stakeholders, and other interested parties, for such Company to (i) consummate the transactions contemplated by the DIP Term Sheet provided to the Governing Body of such Company, and (ii) empower, authorize and direct the Authorized Persons of such Company to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Term Sheet are hereby, in all respects, authorized, ratified, approved and adopted by the Governing Body of each Company on behalf of such Company; and it be further

**RESOLVED**, that each Company be, and hereby is, authorized to incur and to undertake any and all related transactions contemplated under the DIP Term Sheet and the DIP Documents; and it be further

**RESOLVED**, that each such Company be, and hereby is, authorized to borrow and reborrow loans, guaranty obligations, grant security interests in collateral and pledge collateral pursuant to, and in accordance with, the DIP Documents; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to cause such Company to negotiate, execute and deliver the DIP Term Sheet and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one or more of such Authorized Persons may deem necessary, desirable or appropriate, in order to consummate the transactions contemplated by the DIP Term Sheet; and it be further

**RESOLVED**, that the Authorized Persons be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of such Company, to take all such further actions which shall be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP Term Sheet, the DIP Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions.

## III.    RETENTION OF PROFESSIONALS

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain and employ the law firm of Chipman Brown Cicero & Cole, LLP ("**CBCC**"), as general bankruptcy counsel, to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of such Company, and each of them, may or shall approve and/or have previously approved; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue to retain Stretto, Inc. ("**Stretto**") to provide consulting services to such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is empowered, authorized and directed, on behalf of and in the name of such Company, to continue the employment and

retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain CBCC and Stretto, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "**Professionals**"), and to cause such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of such Company, to pay, or cause to be paid, all fees and expenses incurred by such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination; and be it further

## IV.    GENERAL

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons); and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of such Company under Chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of such Company in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of such Company; and be it further

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person; and be it further

**RESOLVED**, that the Governing Body of such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, guarantees, reaffirmations, additional security documents, control agreements, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, and the DIP Financing, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of such Company's business; and be it further

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or

advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that this written Consent may be executed in counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and that a copy of the Consent shall be filed with the books and records of the Companies.

**[Signature Page Follows]**

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of IMG Holdings, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____

Name: David Cuthbert

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Dana Classic Fragrances, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____

Name: David Cuthbert

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Intermarketing Group, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____

Name: David Cuthbert

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of St. Honore Holding, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____

Name: David Cuthbert

**IN WITNESS WHEREOF**, the undersigned being the sole member and manager has executed this Omnibus Written Consent as of the date first set forth above.

IMG HOLDINGS, INC., in its capacity as Sole Member and Manager of Dana Fragrance Brands, LLC, and IMG Fragrance Brands, LLC

By: _____
Name:  David Cuthbert
Its:      Authorized Signatory

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Dana Classic Fragrances Inc.** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Excel Rank International Company Limited Suites 607-9, 6/FL. World Finance Ctr (N) Harbour City, Kowloon Hong Kong** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $214,810.00 |
| **Milbank LLP 55 Hudson Yards New York, NY 10001-2163** | | **Professional Services** | | | | $61,236.44 |
| **Canada Revenue Agency Section 116 Centre of Expertise Post Office Box 470 Station Main Surrey, BC V3T 5B7** | | **Taxes** | | | | $49,288.00 |
| **Contract Filling, Inc. 10 Cliffside Drive Cedar Grove, NJ 07009** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $37,184.08 |
| **Latham & Watkins LLP 1271 Avenue of the Americas New York, NY 10020** | | **Professional Services** | | | | $33,109.00 |
| **Ladas & Parry LLP 1040 Avenue of the Americas New York, NY 10018** | | **Professional Services** | | | | $32,373.38 |
| **CaseStack/Hub Group 2001 Hub Group Way Oak Brook, IL 60523** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $14,267.99 |

Debtor  **Dana Classic Fragrances Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **United Healthcare P.O. Box 94017 Palatine, IL 60094-4017** | | **Insurance** | | | | **$7,871.55** |
| **Sennco Solutions Inc. 14407 Coil Plus Drive Unit A Plainfield, IL 60544-7703** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$7,056.86** |
| **Way Services, Inc. 107 Pitney Road Lancaster, PA 17602** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$7,000.00** |
| **2016, LLC (MegaRhino) P.O. Box 1047 Asheville, NC 28802** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$6,423.36** |
| **Chen Xiaomei NO 50, Zhonghua Road Nanjing CN Jiangsu China** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$3,000.00** |
| **UL Information & Insights 23 British American Boulevard Latham, NY 12110** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$2,862.00** |
| **Gisler Mahler Lazoff & Sacharow 1069 Ringwood Avenue Suite 315 Haskell, NJ 07420** | | **Professional Services** | | | | **$2,000.00** |
| **IT Partner LLC 3422 Old Capitol Trail Suite 679 Wilmington, DE 19808** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$1,200.00** |
| **Fidesta ehf, kt. 481107-1560 Smaratorg 3 201 Kopavogur IS Kopavogur 201 Iceland** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$1,000.00** |
| **Endicott Comm, Inc. P.O. Box 2720 Ocala, FL 34478** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | **$800.22** |

Debtor  **Dana Classic Fragrances Inc.**
    Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **UPS paymentremit@ups. com** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $750.00 |
| **Uline P.O. Box 88741 Chicago, IL 60680-1741** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $640.83 |
| **VRC Companies, LLC P.O. Box 11407 Birmingham, AL 35246-5874** | | **Trade Creditors, Payables and Accrued Liabilities** | | | | $500.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMG Holdings, Inc., *et al.*, | Case No. 25-xxxxx (xxx) |
| Debtors.[1] | (*Joint Administration Pending*) |

**DEBTORS CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
<u>FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1</u>**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1.       A list of the equity interest holders of Debtor IMG Holdings, Inc. and the nature of their equity interests are listed in the table attached as <u>**Exhibit A**</u>.

2.       Each remaining Debtor is wholly owned by its respective parent entity that holds one hundred percent (100%) of such Debtor's equity interests.  The remaining Debtors in these chapter 11 cases are listed with their respective parent entities, together with the nature of their equity interests, in the following table:

| DEBTOR | KIND/CLASS OF INTEREST (MEMBER INTEREST) | NAME OF INTEREST HOLDER & PERCENTAGE OF INTERESTS HELD |
|---|---|---|
| Dana Classic Fragrances, Inc. | Common Stock | 100% owned by IMG Holdings, Inc. |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: (1) IMG Holdings, Inc. (1398); (2) Dana Classic Fragrances Inc. (1439); (3) Inter-Marketing Group, Inc. (6628); (4) Dana Fragrance Brands, LLC (0198); (5) St. Honore Holding, Inc. (9698); and (6) IMG Fragrance Brands, LLC (0026). The address of the Debtors' corporate headquarters is 1159 2nd Avenue, #424, New York, New York 10065.

| Debtor | Kind/Class Of Interest (Member Interest) | Name of Interest Holder & Percentage Of Interests Held |
|---|---|---|
| Inter-Marketing Group, Inc. | Common Stock | 100% owned by IMG Holdings, Inc. |
| Dana Fragrance Brands, LLC | Membership Interests | 100% owned by IMG Holdings, Inc. |
| St. Honore Holding, Inc. | Common Stock | 100% owned by Dana Fragrance Brands, LLC |
| IMG Fragrance Brands, LLC | Membership Interests | 100% owned by IMG Holdings, Inc. |

# **EXHIBIT A**

| **Debtor** | **Name and Address of Interest Holder** | **Kind/Class of Interest** | **Percentage of Interests Held / Outstanding Ownership** |
|---|---|---|---|
| IMG Holdings, Inc. | New Phoenix II, LLC<br>445 Park Avenue<br>Suite 3D<br>New York, NY 10022 | Common Stock | 85.2% |
| IMG Holdings, Inc. | New Phoenix III, LLC<br>445 Park Avenue<br>Suite 3D<br>New York, NY 10022 | Common Stock | 14.8% |